```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
                   AT CHARLESTON
```

**CALVIN GARRETT GRAY,**

      Petitioner,

v.                                    Civil Action No.: 2:13-23807

**DAVID BALLARD, Warden,**
Mount Olive Correctional Complex,

      Respondent.


### MEMORANDUM OPINION AND ORDER

Pending is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, filed September 27, 2013.

This action was previously referred to Dwane L. Tinsley, United States Magistrate Judge, who, on March 2, 2015, submitted his Proposed Findings and Recommendation ("PF&R") pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B). The magistrate judge recommends that the petition be dismissed as time barred.

The applicable limitations statute is found in 28 U.S.C. § 2244(d), which provides, in pertinent part, as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of --

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> . . . .
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d).  It is also possible to toll the limitations period, but only when a movant or petitioner has been pursuing his rights diligently and some extraordinary circumstance stood in his way and prevented timely filing. See Holland v. Florida, 560 U.S. 631, 632 (2010).

The recommendations arrived at by the magistrate judge in the PF&R may be summarized as follows:

> [Respecting application of section 2244(d)(1)(A),] the petitioner did not have any application for State post-conviction or other collateral review with respect to his murder conviction pending on April 24, 1997. Therefore, no statutory tolling event occurred, and the petitioner's section 2254 petition, which was not filed until September 27, 2013, is untimely under 28 U.S.C. § 2244(d)(1)(A).
>
>     . . . .
>
> [Respecting equitable tolling,] the petitioner has not offered sufficient evidence of any statements made by [former] Magistrate Judge Feinberg that would serve as extraordinary circumstances to support a finding that equitable tolling of the statute of limitations is warranted.
>
>     . . . .

2

> **[Further respecting equitable tolling,] the petitioner's claims raised in his section 1983 cases did not call into question his criminal conviction or sentence and, thus, there is no basis for equitable tolling of the statute of limitations for petitioner's section 2254 petition based upon Heck v. Humphrey, or the petitioner's reliance thereon.**
>
> **[Respecting application of section 2244(d)(1)(D),] the undersigned proposes that the presiding District Judge FIND that the error in the presentation of the petitioner's ABO blood type by Trooper H.B. Myers cannot serve as a "factual predicate" to run the one-year statute of limitations from the discovery of such error on or about February 28, 1998 or from June 16, 2006, the date of the Zain III decision.**

**(PF&R at 14, 19, 20, 38).**

**On March 17, 2015, the court received petitioner's objections. The objections span 65 pages, exclusive of exhibits. Many of the pages, however, are devoted to the merits of the petitioner's claims, the credibility of certain witnesses, or other immaterial points that have no bearing on the ultimate procedural infirmity analyzed by the magistrate judge, namely, expiration of the applicable limitations period. The court addresses only those specific objections that might impact the outcome of the limitations analysis.[1]**

---

[1] **The court does not address further any objections disputing the magistrate judge's reading and application of Heck v. Humphrey, 512 U .S. 477, 486–87 (1994), inasmuch as the petitioner's objections on that point are patently inapposite.**

First, petitioner insists that he was misled by a former magistrate judge during his section 1983 litigation in this district in 1995 concerning the time within which he would be able to file his state habeas proceeding. The following excerpt from the PF&R explains the efforts undertaken by the magistrate judge to assist petitioner in developing the claim:

> The undersigned has reviewed the docket sheets for both of the plaintiff's section 1983 actions. In Case No. 1:13-cv-00556 (the search warrant case), Magistrate Judge Feinberg conducted a status and scheduling conference on the record on May 4, 1995. (Case No. 1:93-cv-00556, ECF No. 52). The undersigned has obtained the tape recording from that hearing and the undersigned's staff has listened to the tape and determined that there is nothing in the record that would demonstrate that Magistrate Judge Feinberg had any communication with the plaintiff concerning the timing of filing a habeas corpus petition. Furthermore, there is nothing on the docket of Case No. 1:93-cv-499 to reflect that any court hearings were held in that case at all (except for depositions which were permitted by the court to be recorded using the Court's recording equipment), and those proceedings took place on February 22, 1994.

(PF&R at 19). Inasmuch as petitioner has offered nothing in or on the record to further support his recollection, the court is unable to consider the alleged statement in support of an equitable tolling analysis. The objection is not meritorious.

Second, petitioner asserts that the magistrate judge incorrectly observed that he should have earlier discovered Trooper H.B. Myers' error concerning his blood type. (See Objecs. at 59 ("An inmate cannot just simply state 'I want my

4

blood tested', and have it done with the magical waive [sic] of his hand."). As the magistrate judge further noted, however, during pretrial proceedings in state court "the petitioner, via his defense counsel, could have moved for independent testing of both his blood and any other evidence that he wished to challenge." (PF&R at 35). Section 2244(d)(1)(D) requires the petitioner discharge his burden of proving the factual predicate for his false evidence claim and that it could not have been discovered with due diligence. For this reason, and the other substantive reasons offered by the magistrate judge at pages 38 through 39, he has failed to do so. The objection is not meritorious.

Inasmuch as the objections are insufficient to warrant disturbing the magistrate judge's findings and recommendations, it is ORDERED as follows:

1. That the findings made in the PF&R be, and hereby are, adopted by the court; and

2. The section 2254 petition, and this action, be, and hereby are, dismissed.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record, any unrepresented parties, and the magistrate judge.

DATED: March 23, 2015

John T. Copenhaver, Jr.
United States District Judge